# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT C.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 21 C 5071 |
| v. | ) |
| | ) Magistrate Judge Beth W. Jantz |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security,[2] | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Robert C.'s application for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Dkt. 15, Pl.'s Mot.] is granted, and the Commissioner's cross-motion for summary judgment [Dkt. 20, Def.'s Mot.] is denied. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] In accordance with Internal Operating Procedure 22, Privacy in Social Security Opinions, the Court refers to Plaintiff by his first name and the first initial of his last name.

[2] Acting Commissioner Kilolo Kijakazi has been substituted as the appropriate named defendant in this matter.

## BACKGROUND

### I. Procedural History

On July 29, 2020, Plaintiff filed a claim for DIB, alleging disability since February 15, 2018, due to degenerative arthritis and heart problems. [Dkt. 12-1, R. 265.] Plaintiff's claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held by telephone on February 18, 2021. [R. 110, 144, 29-49.] Plaintiff personally appeared by telephone and testified at the hearing and was represented by counsel. [R. 29, 31-43.] Vocational expert ("VE") Melissa Hennessy also testified at the hearing. [R. 41-48.] On April 14, 2021, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. [R. 23.] The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017).

### II. The ALJ's Decision

The ALJ analyzed Plaintiff's claim in accordance with the Social Security Administration's five-step sequential evaluation process. [R. 13-23.] The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since February 15, 2018, the alleged onset date. [R. 16.] At step two, the ALJ concluded that Plaintiff had the following severe impairments: lumbar, cervical, and thoracic ankylosing spondylitis with fused sacroiliac joints; degenerative joint disease in the knees; obstructive sleep apnea; migraine headaches; gastritis; and bipolar/anxiety disorders. [R. 16.] The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, did not meet or medically equal one of the Social Security Administration's listings of impairments (a "Listing"). [R. 16-18.] Before step four, the ALJ

determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: he can lift and carry 10 pounds occasionally and 5 pounds frequently; he can never climb ladders, ropes, and scaffolds; he can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl; he can frequently reach, handle and finger bilaterally; he must avoid concentrated exposure to noise louder than that expected in an office setting; he must avoid concentrated exposure to moving machinery, and avoid all exposure to unprotected heights; he is limited to simple and routine tasks, performed at a pace independent of the speed of machinery, equipment and others in the production process. [R. 18-21.] At step four, the ALJ concluded that Plaintiff would not be able to perform his past relevant work. [R. 21.] At step five, the ALJ concluded that based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act. [R. 21-22.]

## DISCUSSION

**I.    Judicial Review**

Under the Social Security Act, a person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine disability within the meaning of the Social Security Act, the ALJ conducts a five-step inquiry, asking whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed

impairment; (4) the claimant retains the RFC to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 416.920(a). "A finding of disability requires an affirmative answer at either step three or step five." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005). "The claimant bears the burden of proof at steps one through four, after which at step five the burden shifts to the Commissioner." *Id.*

Judicial review of the ALJ's decision is limited to determining whether it adequately discusses the issues and is based upon substantial evidence and the proper legal criteria. *Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation omitted). "To determine whether substantial evidence exists, the court reviews the record as a whole but does not attempt to substitute its judgment for the ALJ's by reweighing the evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses." *Beardsley v. Colvin*, 758 F.3d 834, 836-37 (7th Cir. 2014). While this review is deferential, "it is not intended to be a rubber-stamp" on the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). The Court will reverse the ALJ's finding "if it is not supported by substantial evidence or if it is the result of an error of law." *Id.*, at 327.

The ALJ also has a basic obligation to develop a full and fair record, and to "build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley*, 758 F.3d at 837; *see also Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022). Although the ALJ is not required to mention every piece of evidence in the record, the ALJ's analysis "must provide some glimpse into the

4

reasoning behind [his] decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001); *accord Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). The ALJ "must explain [the ALJ's] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (quoting *Briscoe*, 425 F.3d at 351).

II. Analysis

Plaintiff makes three arguments challenging the ALJ's decision, including: (1) the ALJ improperly refused to consider the treating source statements of his psychiatrist and rheumatologist from Plaintiff's prior unsuccessful DIB adjudication; (2) the ALJ failed to account for the moderate limitations in concentration, persistence, or pace ("CPP") that the ALJ found, in both Plaintiff's RFC and the hypotheticals to the VE; and (3) the ALJ failed to properly accommodate Plaintiff's upper extremity limitations in the RFC. After reviewing the record and the briefs submitted by the parties, this Court concludes that the ALJ erred by not properly accounting for Plaintiff's CPP limitations in his mental RFC. Because this failure alone warrants remand, the Court need not reach Plaintiff's additional arguments.

The Court agrees with Plaintiff that the ALJ improperly assessed Plaintiff's mental RFC. The ALJ found at step three that Plaintiff had moderate limitations in concentration, persistence, or maintaining pace. [R. 17.] According to the ALJ, Plaintiff's "mental status examinations [were] routinely unremarkable," but to account for Plaintiff's "pain complaints and history of mental health counseling helping to improve [Plaintiff's] overall functioning," the ALJ found that the record supported at most moderate CPP limitations. [*Id.*] The ALJ then attempted to account for Plaintiff's moderate CPP limitations without further explanation by limiting Plaintiff to "simple and routine tasks at a pace independent of others or machines." [*Id.*] Later in his

5

decision, when discussing the state agency physicians' prior administrative medical findings, the ALJ added that Plaintiff's "history of mood disorder and, the probability of pain interfering with pace, grants the additional limitations to unskilled level work." [R. 20.]

The Seventh Circuit has "underscored that the ALJ generally may not rely merely on catch-all terms like 'simple, repetitive tasks' because there is no basis to conclude that they account for problems of concentration, persistence or pace." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019). Indeed, "observing that a person can perform simple and repetitive tasks says nothing about whether the individual can do so on a sustained basis, including, for example, over the course of a standard eight-hour work shift." *Id*. Likewise, with respect to the machine pace setting limitation identified by the ALJ, the Seventh Circuit has explained that "there is no basis to suggest that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including a moderate limitation on concentration, persistence, and pace." *DeCamp v. Berryhill*, 916 F.3d 671, 675–76 (7th Cir. 2019). In some circumstances, however, a limitation to unskilled or simple, routine work can account for CPP difficulties if the record indicates that the limitation addresses the underlying symptoms. *Christopher G. v. Kijakazi*, No. 19 CV 5046, 2022 WL 1989119, at *4 (N.D. Ill. June 6, 2022) (collecting cases). This includes instances where a medical opinion adequately translates a finding of moderate CPP limitations into an RFC that accounts for a claimant's specific impairments. *See, e.g., Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021) (affirming where agency consultants "translated" moderate CPP checklist ratings into an RFC that claimant "could carry out simple instructions and make simple decisions with no significant limitation"); *Varga v. Colvin*, 794 F.3d 809, 816 (7th Cir. 2015) ("True, in some cases, an ALJ may rely on a doctor's narrative RFC, rather than the checkboxes, where that narrative adequately encapsulates and translates those worksheet observations.");

6

*Morrison v. Saul*, 806 F. App'x 469, 474 (7th Cir. 2020) ("The ALJ drew this restriction from the opinion of the medical expert, Dr. Rozenfeld, which is a permissible way of "translating" medical evidence into work-related restrictions."). "The question to be answered in every case is whether the ALJ has adequately explained, with support from the medical record," how the identified restrictions in the RFC address "the claimant's specific concentration, persistence, or pace limitations." *Christopher G.*, 2022 WL 1989119, at *4.

In this case, the ALJ did not adequately support the restrictions identified to account for Plaintiff's moderate CPP limitations. The ALJ limited Plaintiff to "simple and routine tasks at a pace independent of others or machines" to accommodate Plaintiff's moderate CPP limitations. [R. 17.] But the ALJ neither relied on a medical opinion's translation of Plaintiff's moderate CPP limitations into an RFC, nor provided a meaningful, reasoned explanation for why the particular restrictions he identified in the RFC accounted for Plaintiff's moderate CPP limitations.

First, the ALJ did not credit any medical opinion in finding that Plaintiff was moderately limited in CPP. The ALJ found "persuasive" the only opinions in the record of the current adjudication—those of the state agency consultants, who concluded that Plaintiff did not have a severe mental-health impairment and thus had only mild CPP limitations. [R. 20; *see* R. 116-17, 131-32.] The ALJ went on in the same sentence, however, to "grant[] [Plaintiff] additional limitations to unskilled level work" because of his "history of mood disorder and, the probability of pain interfering with pace." [R. 20.] The ALJ thus did not draw the RFC limitation—to simple, routine work that is not paced by machines or other people—from the opinions in the record.

The ALJ's rejection of the only opinion evidence that assessed Plaintiff's mental RFC "created an evidentiary gap that rendered the ALJ's RFC unsupported by substantial evidence." *Ana M.A.A. v. Kijakazi*, No. 19-CV-7559, 2021 WL 3930103, at *2 (N.D. Ill. Sept. 2, 2021). The Seventh Circuit has explained that "ALJs must rely on expert opinions instead of determining the significance of particular medical findings themselves." *Lambert v. Berryhill*, 896 F.3d 768, 774 (7th Cir. 2018). Although an ALJ need not adopt any particular medical opinion in crafting the RFC, "an ALJ cannot reject all the relevant medical RFC opinions and then construct a 'middle ground' and come up with [her] own RFC assessment without logically connecting the evidence to the RFC findings." *Darlene M. v. Kijakazi*, No. 19 CV 6389, 2021 WL 3773291, at *5 (N.D. Ill. Aug. 25, 2021) (cleaned up). Nor may an ALJ "play doctor" by "using [his] own lay opinions to fill evidentiary gaps in the record" caused by the absence of credited medical opinion evidence. *Suide v. Astrue*, 371 F. App'x 684, 690 (7th Cir. 2010).

Here, the ALJ did not logically connect the record evidence to the moderate CPP limitations or ultimately to the translation of those limitations into specific RFC findings. At step 3, the ALJ found without elaboration that Plaintiff had moderate CPP limitations based on his history of mental health counseling and pain complaints, promising further discussion of Plaintiff's mental functioning at later steps. [R. 17-18.] But, aside from concluding that Plaintiff's mental health was managed with counseling and describing normal findings from mental status examinations, the ALJ never elaborated in his decision to find how Plaintiff was moderately limited in concentration, persistence, or pace. [R. 20.] Instead, the ALJ merely concluded that Plaintiff's "history of mood disorder and, the probability of pain interfering with pace," warranted limiting Plaintiff to unskilled work. [*Id.*] The ALJ also did not identify with any specificity what accounts of Plaintiff's pain he was crediting, or to what extent. [*See* R. 18-

21.] This lack of explanation is problematic because the Court is unable to identify the reasons why and how the ALJ found Plaintiff moderately limited in CPP.

Further, although the ALJ noted that the restrictions included in the RFC accounted for Plaintiff's CPP difficulties, the ALJ did not explain why that was the case, or identify which records suggested that Plaintiff's ability to concentrate or persist or maintain pace were related to the complexity of the task confronting him. The ALJ stated that Plaintiff's pain complaints would interfere with his pace, but that was as specific as the ALJ was throughout his decision; he did not identify or discuss Plaintiff's pain complaints in any detail. [R. 20.] In short, the ALJ did not point to any specific evidence as supporting the RFC's CPP limitations, and it is accordingly unclear whether Plaintiff's moderate CPP limitations arise only when confronted with complex tasks or those paced by others and machines, or in some other scenario. Instead, the ALJ appeared to engage in the same logical leap the Seventh Circuit has indicated is impermissible—the ALJ simply assumed, without a link to the record evidence, that a restriction to simple, routine tasks and no work paced by others or machines would account for Plaintiff's moderate CPP limitations. *See, e.g., Crump*, 932 F.3d at 570; *DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019) ("[T]here is no basis to suggest that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including a moderate limitation on concentration, persistence, and pace."); *Yurt v. Colvin*, 758 F.3d 850, 858–59 (7th Cir. 2014) ("[W]e have repeatedly rejected the notion that a hypothetical like the one here confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace.").

The ALJ thus failed to build an accurate and logical bridge between the record and his mental RFC and failed to properly account for the moderate CPP limitations he found at step

9

three in the RFC. Accordingly, remand is warranted on this basis. *See, e.g., Gary R. v. Kijakazi*, No. 20 C 6109, 2022 WL 4607581, at *17 (N.D. Ill. Sept. 30, 2022) (remanding where the ALJ did not adequately explain how the adopted limitations accounted for moderate CPP limitations, nor rely on a medical opinion to explain them); *Christopher G.*, 2022 WL 1989119 at *5 (same).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [15] is granted, and the Commissioner's motion for summary judgment [20] is denied. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**

Date: 3/13/2023

BETH W. JANTZ
United States Magistrate Judge